United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-11266
Conference Calendar

AUGUST HOLLAND, also known as August R Holland

Plaintiff-Appellant

v.

DHIRAJLALANDIS PATEL, MD; F BAXTER, Facility Health Administer;
R FILLION, RN Director of Nurses; TIMOTHY SIMMONS, Senior Warden

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:06-CV-5

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

August Holland, Texas prisoner # 615677, appeals the dismissal as frivolous and for failure to state a claim of his 42 U.S.C. § 1983 civil rights lawsuit. He renews his argument that Dr. Patel was deliberately indifferent to his medical needs by denying him the use of a walking cane. For the first time on appeal, Holland also argues that he has been discriminated against because of his race. This court will not consider the newly raised claim. See Stewart

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Centers, Inc., 200 F.3d 307, 316-17 (5th Cir. 2000). Holland does not renew his claims regarding the denial of the use of a handicapped shower or of a transfer to a medical unit, nor does he brief any argument challenging the dismissal of his claims against the other defendants for lack of personal involvement, and those claims are waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

Holland's assertion that he required a cane and that Dr. Patel wrongfully took his away amounts to no more than a mere disagreement with the medical treatment he received or, at most, a claim for negligence and was thus properly dismissed. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). The instant appeal is without arguable merit and is therefore dismissed as frivolous. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Both the district court's dismissal of Holland's complaint and the instant dismissal count as strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Holland is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.